IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | | |
|---|---|---|
| CODY ROBERTS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| | ) | |
| | ) | |
| v. | ) | No. 21-cv-2137-SHM-tmp |
| | ) | |
| KILOLO KIJAKAZI, Acting Commissioner of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

**ORDER AFFIRMING THE COMMISSIONER'S DECISION**

Plaintiff Cody Roberts brings this action for judicial review of Defendant Kilolo Kijakazi's (the "Commissioner") final decision denying Plaintiff's application for disability benefits under Title II and Title XVI of the Social Security Act (the "Act"). For the following reasons, the Commissioner's decision is **AFFIRMED**.

**I.   Background**

On November 5, 2019, Plaintiff filed a Title II application for disability insurance benefits and a Title XVI application for supplemental security income. (ECF No. 13 at 22.) The Plaintiff alleged a disability beginning on September 19, 2019. (Id.) The claims were initially denied on February 26, 2020, and were denied again on reconsideration on May 14, 2020. (Id.) The Plaintiff filed a request for a hearing, which was received on May 22, 2020. (Id.) A telephone hearing was held on August 10, 2020. (Id.) On August 25, 2020, the Administrative Law Judge (the "ALJ") issued a decision finding that Plaintiff was not disabled. (Id. at 34.) The ALJ's decision is now the Commissioner's final decision. (ECF No. 17 at 1.)

The ALJ relied on the following findings: 1) Plaintiff met the insured status requirements of the Act through June 23, 2023; 2) Plaintiff had not engaged in substantial gainful activity since September 19, 2019, the alleged onset date; 3) Plaintiff had the severe impairment of paranoid schizophrenia; 4) Plaintiff did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1; 5) Plaintiff had the residual functional capacity necessary to perform a full range of work at all exertional levels subject to certain enumerated limitations; 6) Plaintiff was capable of

2

performing past relevant work as a machine feeder, industrial cleaner, and groundskeeper; and 7) Plaintiff was not disabled, as defined by the Act, from September 19, 2019, through the date of the decision. (Id. at 24-34.)

In making these findings, the ALJ considered Plaintiff's schizophrenia diagnosis, Plaintiff's medical records, Plaintiff's reported activities during the period in question, and the opinions of Dr. Steadman, Dr. Wilson, and State psychological consultants Ruth Ann Lyman, Ph.D., and George Davis, Ph.D. (Id. at 26-33).[1] The ALJ explained that Plaintiff's medical records and reported activities, which included, inter alia, working at an animal shelter, helping his parents around the house, and socializing with friends, were not fully consistent with a finding of disability. (Id.) Because of those inconsistencies, the ALJ found the opinion of Dr. Steadman unpersuasive and the opinion of Dr. Wilson only partially persuasive. (Id. at 31-32.) The opinions of Dr. Steadman and Dr. Wilson were central to Plaintiff's argument. (ECF No. 15 at 13-15.)

On May 4, 2022, Plaintiff sought judicial review of the Commissioner's decision in this Court. (ECF No. 15.) Defendant filed a Memorandum in Support of the Commissioner's Decision on

---

[1] The opinions of these consultants are known as prior administrative medical findings. 20 C.F.R. §§ 404.1513(a)(5); 416.913(a)(5).

June 1, 2022. (ECF No. 17.) Plaintiff replied on June 14, 2022. (ECF No. 18.)

## II. Jurisdiction

District courts have jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States. 28 U.S.C. § 1331. This suit was brought under 42 U.S.C. § 405(g), which authorizes judicial review of final decisions by the Commissioner of Social Security. 42 U.S.C. § 405(g). The Court has jurisdiction.

## III. Standard of Review

The district court must uphold the Commissioner's decision unless the ALJ failed to apply the correct legal standard or made factual findings that are unsupported by substantial evidence. Moats v. Comm'r of Soc. Sec., 42 F.4th 558, 561 (6th Cir. 2022) (citing 42 U.S.C. § 405(g)). Forty-two U.S.C. § 405(g) provides in pertinent part:

> The court shall have power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing. The findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive . . . .

The Supreme Court has explained that "substantial evidence" is a "term of art" that requires a court to determine whether the administrative record contains "sufficient evidence" to

4

support the agency's factual determinations. Biestek v. Berryhill, 139 S. Ct. 1148, 1154 (2019). The threshold for sufficiency "is not high," requiring only such "relevant evidence as a reasonable mind might accept as adequate." Id. (emphasis added). The substantial evidence standard has been compared to the clearly erroneous standard, Dickinson v. Zurko, 527 U.S. 150, 153 (1999). The Sixth Circuit has described the requirement as "less than a preponderance [of evidence] but more than a scintilla [of evidence]." Gentry v. Comm'r of Soc. Sec., 741 F.3d 708, 722 (6th Cir. 2014).

The inquiry focuses on whether the evidence supports the ALJ's finding, not whether it could have supported the finding the plaintiff seeks. Barker v. Shalala, 40 F.3d 789, 794 (6th Cir. 1994).

The Court must also ensure that the decision is consistent with the agency's own regulations. See Wilson v. Comm'r of Soc. Sec., 378 F.3d 541, 545 (6th Cir. 2004). Failure to comply may violate an individual's right to due process. Id. An ALJ's failure to follow agency rules and regulations "denotes a lack of substantial evidence, even where the conclusion of the ALJ may be justified upon the record." Gentry, 741 F.3d at 722 (citing Blakely v. Comm'r of Soc. Sec., 581 F.3d 399, 407 (6th Cir. 2009)).

5

**IV. Analysis**

Roberts argues that the ALJ committed procedural error by dismissing the opinions of Dr. Steadman and Dr. Wilson, failing to consider all of the factors for evaluating medical opinions, and considering prior administrative medical findings. (ECF No. 15 at 15-18.) Roberts also argues that the record only supports a finding of disability. (Id. at 17.)

    **A.   Procedural Issues**

        **1. Evaluation of Doctor Steadman's and Doctor Wilson's Opinions**

Under 20 C.F.R. § 404.1520c,[2] ALJs are not to give any specific evidentiary weight to any medical opinions or prior administrative medical findings. 20 C.F.R. § 404.1520c(a). Rather, those opinions must be evaluated based on their 1) supportability, 2) consistency, 3) relationship with the claimant, 4) specialization, and 5) other factors. 20 C.F.R. § 404.1520c(c). Section 404.1520c defines each of those terms. Id. The most important factors are supportability and consistency. 20 C.F.R. § 404.1520c(b).

The ALJ extensively explained her views of Dr. Steadman's report and Dr. Wilson's report. (ECF No. 13 at 31-32.) She

---

[2] Twenty C.F.R. § 404.1520c governs claims filed on or after March 27, 2017. Section 404.1520c fundamentally changed how ALJs evaluate medical opinions. Previously, ALJs were required to give greater deference to the opinions of treating physicians than non-treating physicians. Blakely, 581 F.3d at 406.

6

explained that Dr. Steadman's report was not well-supported or well-explained. (Id. at 31.) It was also contradicted by subsequent treatment reports noting Roberts' improved condition. (Id.) The ALJ also explained that Dr. Steadman's opinion that Roberts' conditions would preclude him from working effectively was contradicted by Roberts' reported work activity. (Id.) The ALJ explained that Dr. Wilson's report was supported by Dr. Wilson's examination notes, but was only partially persuasive because it contained improper terminology and used vague descriptions when describing Roberts' potential limitations. (Id. at 32.)

The ALJ's explanations for discrediting Dr. Steadman's opinion and finding Dr. Wilson's opinion only somewhat persuasive were sufficient for a reasonable mind to accept as adequate. They meet the bar for substantial evidence and do not constitute legal error.

### 2. Alleged Failure to Consider All Statutory Factors

Plaintiff's contention that the ALJ's failure to consider every § 404.1520c factor is unavailing. Under the text of § 404.1520c, an ALJ does not need to consider every factor in § 404.1520c(b). See Strawn v. Comm'r of Soc. Sec., 2021 WL 3487176, at *9-10 (W.D. Tenn. Aug. 9, 2021) (finding the argument that the ALJ did not consider all factors "without merit" under § 404.1520c). Plaintiff cites cases from the Sixth Circuit in which

7

remand was justified because a full explanation was not given. (ECF No. 15 at 17.) Those cases predate the changes made by 20 C.F.R. § 404.1520c. Even the recent case Plaintiff cites, Kaye v. Soc. Security Administration, considers a claim filed before the changes took effect on March 27, 2017. 2018 WL 3572395, at *1 (M.D. Tenn. July 24, 2018). Because the ALJ is no longer required to consider each factor, there is no procedural defect, and the cited cases are inapplicable.

### 3. Consideration of Prior Administrative Medical Findings

Roberts argues that the ALJ's consideration of prior administrative medical findings was improper under Richardson v. Perales, 402 U.S. 389 (1971). (ECF No. 15 at 17-18.) Richardson held that a written report by a licensed physician who had examined the claimant constituted substantial evidence, although it was hearsay and there was no opportunity for cross examination. Richardson, 402 U.S. at 402. Richardson established that a particular set of conditions was sufficient under the substantial evidence test. It did not determine that any of those conditions were necessary under the substantial evidence test. Plaintiff's contention that Richardson "does not allow the Commissioner to find anything else to amount to substantial evidence" is incorrect. (ECF No. 15 at 18.) As the government correctly notes, the consideration of prior administrative

8

medical findings is not only permissible, but required. (ECF No. 17 at 10 (citing 20 C.F.R. §§ 404.1520c(a); 416.920c(a)).) The ALJ's consideration of prior administrative medical findings did not constitute legal error.

### B. Sufficiency of the Evidence

The ALJ's report is a plausible interpretation of the evidence and, therefore, satisfies the substantial evidence standard. The decision did not ignore the evidence favoring a finding of disability. (ECF No. 13 at 25-32.) The ALJ explained why that evidence was insufficient to meet the applicable standard, focusing on the ways in which the reports of Dr. Steadman and Dr. Wilson were contradicted by other medical reports and the Plaintiff's stated activities. (Id.) Reasonable minds may disagree about whether Roberts' ability to carry out activities, like working at the animal shelter and doing chores at his parents' house, establishes that his condition does not rise to the level of a disability. Reasonable minds may also disagree about whether that evidence ought to be more persuasive than the opinions of Dr. Steadman and Dr. Wilson.

However, this Court is not permitted to try the case de novo, resolve conflicts in the evidence, or decide questions of credibility. Ulman v. Comm'r of Soc. Sec., 693 F.3d 709, 713 (6th Cir. 2012). This Court cannot determine whether the record could justify a different outcome. Barker, 40 F.3d at 794. This

9

Court's only duty is to determine whether the Commissioner's decision is supported by substantial evidence. Id. It is.

## V.  Conclusion

For the foregoing reasons, the Commissioner's decision is **AFFIRMED.**

SO ORDERED this 29th day of September, 2022.

/s/ *Samuel H. Mays, Jr.*
_____
SAMUEL H. MAYS, JR.
UNITED STATES DISTRICT JUDGE